UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAURICE WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 02-1641 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Maurice Williams, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 seeking damages related to his alleged exposure to second-hand tobacco smoke while he was confined at the District of Columbia Department of Corrections Central Detention Facility ("D.C. Jail").[1] In addition to the District of Columbia, the Amended Complaint names as defendants, in their individual capacities, Odie Washington, Director of the D.C. Department of Corrections; James Anthony, Assistant Director of the Department of Corrections; Marvin L. Brown, Deputy Director for Operations at the D.C. Jail; and Judy Lyons, Deputy Warden of the D.C. Jail (collectively the "Individual Defendants". The Individual Defendants move for summary judgment on the ground that they are entitled to qualified immunity.

### I.  BACKGROUND

In his Amended Complaint, Mr. Williams alleges that while he was incarcerated at the D.C. Jail, he was assigned to Southwest Unit 2. Am. Compl. ¶ 3. He claims that a significant

---

[1] Plaintiff is now represented by court-appointed counsel.

number of the prisoners at the D.C. Jail smoked tobacco, as did many of the jail staff. *Id.* According to Mr. Williams, the unit where he was housed did not have adequate ventilation or windows or doors that could be opened to remove the tobacco smoke. *Id.* ¶ 5. In addition, his cellmate smoked five packs of cigarettes a day and kept a homemade toilet paper wick burning at all times for the purpose of lighting cigarettes. *Id.* Due to the constant exposure to tobacco smoke, Mr. Williams experienced nausea and nosebleeds. *Id.* Mr. Williams alleges that his health is in great risk due to the environmental tobacco smoke ("ETS"). *Id.* ¶ 3.

Mr. Williams filed a number of grievances about the smoking problem with jail personnel, but they made no effort to provide a nonsmoking environment, establish a designated smoking area, or otherwise resolve the issue. *Id.* ¶¶ 4-6. Mr. Williams claims that the Individual Defendants' conduct constituted deliberate indifference to the risk to his health. *Id.* ¶ 7. He seeks compensatory and punitive damages. *Id.*

## II. STANDARD OF REVIEW

The Individual Defendants have moved for summary judgment on the basis of qualified immunity. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving

party. *Anderson*, 477 U.S. at 255; *see also Wash. Post Co. v. U. S. Dep't of Health & Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.

### III.  DISCUSSION

The Individual Defendants contend that the Eighth Amendment claim against them should be dismissed based on qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a plaintiff's allegations are sufficient to defeat a qualified immunity defense, the Court must apply a two prong test and examine: (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation is established, whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

Therefore, as a threshold matter, the Court must decide whether "[t]aken in the light most favorable to [Mr. Williams], do the facts alleged show the [Individual Defendants'] conduct violated a constitutional right." *Id.* at 201. To state an Eighth Amendment claim based on exposure to ETS, a plaintiff must allege that, with deliberate indifference, the defendants exposed him to levels of ETS that posed an unreasonable risk of serious damage to his future health. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). A plaintiff must provide "objective" evidence of the degree of his exposure and its effect on him and "subjective" evidence of deliberate indifference by prison officials. *Id.* at 35-37. To prevail, a plaintiff must provide some kind of "scientific and statistical"

evidence regarding the seriousness of the potential harm and the likelihood that unreasonable risk of serious damage to his future health was actually caused by exposure to ETS. *Scott v. District of Columbia*, 139 F.3d 940, 942 (D.C. Cir.1998). Then, the court must assess whether society considers the risk complained of "so grave that it violated contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling,* 509 U.S. at 36. To overcome a claim of qualified immunity, the plaintiff must prove that prison officials knowingly and unreasonably disregarded an objectively intolerant risk of harm. *Scott*, 139 F.3d at 943 (citing *Farmer v. Brennan*, 511 U.S. 825, 846 (1994)).

This Court already has determined that Mr. Williams has stated an Eighth Amendment claim. On August 5, 2003, in denying the District of Columbia's motion to dismiss, the Court ruled that the complaint sufficiently stated an Eighth Amendment claim under *Helling*. Mr. Williams alleges that he was subjected to an intolerable level of ETS, that such exposure caused health problems at the time he was confined, and that such exposure posed a risk to his future health. He claims that the Individual Defendants were deliberately indifferent to his condition because they did not resolve the numerous grievances he filed on the issue or take steps to rectify the ETS problem in his unit. Discovery has not been completed, and factual issues regarding these allegations remain. Nevertheless, Mr. Williams's allegations, if true, would establish an Eighth Amendment violation under the first prong of the test set forth in *Saucier*, 533 U.S. at 200.

Having decided that Mr. Williams has alleged facts sufficient to support a constitutional claim, the Court then must apply the second prong of the *Saucier* test. To defeat the defense of qualified immunity, the constitutional right must be clearly established, that is, "clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier*, 533 U.S.

at 202. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). A court should dismiss a claim against an individual official where he was not on notice that his conduct was unlawful. *Briscoe v. Potter*, 355 F. Supp. 2d 30, 47 (D.D.C. 2004), *aff'd on other grounds*, No. 04-5447, slip op. (D.C. Cir. Jan. 5, 2006). A government official is not shielded from liability, however, where he "could be expected to know that certain conduct would violate statutory or constitutional rights." *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998). Since the qualified immunity analysis rests on a "reasonable person" standard, the government official's subjective good faith is not relevant. *Harlow*, 457 U.S. at 815-18; *Fernandors v. District of Columbia*, 382 F. Supp. 2d 63, 70 (D.D.C. 2005).

In 1993, the Supreme Court concluded that a prisoner has an Eighth Amendment right to be free from "levels of ETS that pose an unreasonable risk of serious damage to [the prisoner's] future health." *Helling*, 509 U.S. at 35. Mr. Williams alleges that the Individual Defendants' conduct occurred in the years 2001 and 2002, well after the Supreme Court issued the *Helling* decision. This Court agrees with the various courts of appeals that have held that a prisoner's right to be free of excessive levels of second-hand smoke was clearly established by *Helling*. *See, e.g.*, *Shepherd v. Hogan*, 2006 WL 1408332, at *3 n.3 (2d Cir. May 18, 2006); *Atkinson v. Taylor*, 316 F.3d 257, 264 (3d Cir. 2003); *Alvarado v. Litscher*, 267 F.3d 648, 653 (7th Cir. 2001); *Weaver v. Clarke*, 45 F.3d 1253, 1256 (8th Cir. 1995); *see Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (prisoner had an Eighth Amendment right to be free of excessive levels of carcinogenic asbestos particles).

The Individual Defendants point out that the D.C. Jail instituted a nonsmoking policy

in 1992. They argue that imperfect enforcement of this policy alone does not satisfy *Helling*'s subjective element. *Scott*, 139 F.3d at 944. Again, discovery has not been completed in this case. *See Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (discovery may be necessary to resolve qualified immunity issue). Further, there remain genuine issues of material fact relevant to the Individual Defendants' claim of qualified immunity. For example, there is an issue of fact regarding whether Mr. Williams was exposed to levels of ETS sufficient to pose an unreasonable risk of serious damage to his health, whether the Individual Defendants knew or reasonably should have known of the ETS problem at the D.C. Jail, and whether the Individual Defendants' conduct rose to the level of deliberate indifference. In sum, the Individual Defendants' motion for summary judgment is premature and will be denied without prejudice.

## IV. CONCLUSION

For the reasons explained above, the Individual Defendants' motion for summary judgment [Dkt. #38] will be denied without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: July 14, 2006                             /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge